# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

**KENNETH WAYNE COUCH,**  )
                          )
       Petitioner,  )
                          )
v.                        )  **Case No. CIV 07-150-JHP-KEW**
                          )
**BRUCE HOWARD, Warden,**  )
                          )
       Respondent.  )

## OPINION AND ORDER

This action is before the court on respondent's motion to dismiss petitioner's petition for a writ of habeas corpus as barred by the statute of limitations. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Jim E. Hamilton Correctional Center in Hodgen, Oklahoma, attacks his conviction in LeFlore County District Court Case Number CF-98-405 for Manufacture of Controlled Dangerous Substance.

The respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d) (AEDPA). The following dates are pertinent to the motion to dismiss:

| | |
|---|---|
| 01/24/2000 | Petitioner's direct appeal was affirmed by the Oklahoma Court of Criminal Appeals in *Couch v. State*, No. F-1998-1405 (Okla. Crim. App. (Jan. 24, 2000). |
| 04/23/2000 | Petitioner's conviction became final upon expiration of the ninety-day period for a certiorari appeal to the United States Supreme Court. |
| 11/27/2006 | Petitioner filed an application for post-conviction relief in the LeFlore County District Court. |
| 02/09/2007 | The state district court denied petitioner's application for post- |

|            |                                                                                                                                                 |
|------------|-------------------------------------------------------------------------------------------------------------------------------------------------|
|            | conviction relief.                                                                                                                              |
| 04/23/2007 | The denial of petitioner's application for post-conviction relief was affirmed in *Couch v. State*, No. PC-2007-218 (Okla. Crim. App. Apr. 23, 2007). |
| 05/23/2007 | Petitioner filed this petition for a writ of habeas corpus.                                                                                     |

Section 2244(d) provides that:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner's conviction became final on April 23, 2000, and he had one year, until April 23, 2001, to file a federal habeas corpus petition. Because he did not initiate his post-conviction proceedings until November 27, 2006, after expiration of the limitation period, there is no statutory tolling. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003)

(citing 28 U.S.C. § 2244(d)(2)).

Petitioner alleges in his response to the motion to dismiss that his petition should be considered, because it concerns an allegedly illegal search and seizure. He also claims he "believed for many years that the Appellate Counsel's conduct was inadequate and inappropriate due to petitioner's incompetence." The court construes petitioner's allegations liberally, pursuant to *Haines v. Kerner*, 404 U.S. 519 (1972), as a request for equitable tolling.

Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). Further, "it is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194 (2001) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir.1999)). Furthermore, there is no evidence in the record to suggest petitioner is actually innocent of the crime of which he stands convicted, or that other uncontrollable circumstances impeded him from timely filing his federal claim. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

**ACCORDINGLY,** the respondent's motion to dismiss time barred petition [Docket #10] is GRANTED, and this action is, in all respects, DISMISSED. Petitioner's motions for summary judgment [Docket #13] and for summary disposition [Docket #15] are DENIED as moot.

**IT IS SO ORDERED** this 13th day of March 2008.

James H. Payne
United States District Judge
Eastern District of Oklahoma